Judge Hitchcock
delivered the opinion of the court:
The only question which we are called, upon to decide in this case, at the present time, is as to the mode of computing interest. From an examination of the books it is manifest that different modes of computation are adopted in the different states, and the rule generally adopted by a state is sometimes varied to meet the equity of a particular case.
It is a principle of law that interest shall not be compounded. It is somewhat difficult, however, I might say impossible, where payments are made at different times, to establish a mode of co‘mputation in which, if justice is done to both creditor and debtor, there will not be, to some extent, a compounding of interest. This consequence must be. avoided as much as possible. The present case does not require of us to establish a general rule, and we refrain from doing it.
The facts of this case are simply these: On November 30,1819, a liquidation of accounts took place between the plaintiffs and defendants, when a balance was found due, from the latter to the former, of throe hundred and four thousand and fifty-four dollars forty-five cents, including forty thousand six hundred and nine dollars seventy-three cents interest. On October 4,1820, plaintiffs proposed to pay this debt in eight annual installments, with interest on each installment as it should fall due; the interest to be computed-from December 1, 1818, and the first payment on December 1, 1823. This proposition was agreed to, and eight notes were executed, each note, except the one which would fall due on December 1, 1830, for thirty-eight thousand dollars, and this latter for thirty-eight thousand and fifty-four dollars forty-seven cents. These notes are severally made payable on or before the first days of December, 1823, .1824, 1825, 1826,1827,1828,1829,1830, and all were on interest from December *1, 1819. Large payments were made on these notes in 1821 and theyoarfollowingj'and the whole amount which had been paid was paid before the notes severally became due. On the part of the defendants, it is insisted that inasmuch as these notes were payable on or before a particular day, and payments were made before that day, they have the right to compute interest upon the principal sum up to the time of payment, add the two together, and deduct the payment, and so on, from time to time, as payments were made. Had the interest been due when the payments were made, this rule would *240 not be so objectionable, although we are not prepared to say it would be correct.
In support of the principle contended for, the defendants’ counsel cite 8 Serg. & R. 378; Wash. C. C. 92; 17 Mass. 417; 1 Johns. Ch. 13; 2 Johns. Ch. 209, and a number of other cases. In all these casos I apprehend it will be found that none of the payments-were made until after the debt was due; at least the contrary does not appear to have been the fact. The cases in Sergeant & Rawle, and the one in Washington, are upon judgments. In the case before the court no interest was demandable until the notes themselves became due. To adopt this rule, then, would be doing' injustice to the plaintiffs. It would be charging them with interest before they could be called upon for either principal or-interest.
To adopt what is called the commercial rule would be equally unjust to the defendants. There would not be the same injustice in this case, it is true, that there would be where the payments-had been long delayed and the debt had been even due for a great-length of time. In such case, it might so happen that the payment of interest alone would discharge both principal and interest. The-case cited from 1 Dallas seems to recognize this principle. But it must be remembered, that the notes here were payable on or before a certain day. Although the defendants could not compel payment before the day, yet the plaintiffs might pay before that time and the defendants might be compelled to receive it. They could only be compelled to receive it upon the hypothesis that full payment was made, not only principal but interest. If, then, par- • tial payment only is *made, it would seem to be but just that this partial payment should apply as well to interest as principal..
We have found but one case reported similar to the one now before the court. This case is reported in 3 Cowen, 86. The court say: “Payments made on an installment not due and payable, should be applied to the extinguishment of principal and such proportion of interest as has accrued on the principal thus-extinguished.” For instance, a bond or note is given for the payment of one hundred dollars on or before the termination of one year. At the end of six months a payment of fifty-one dollars fifty cents is made. This is not applied to sink the principal to-forty-eight dollars fifty cents, but the one dollar fifty cents is applied to the interest of fifty dollars for six months, and fifty dol *241 lars to sink so much of the principal. At the end of the year there will he due fifty dollars of principal, and the interest on that fifty dollars for one year. This rule of computation is one which, we think, will do justice to the parties litigant in the case now before ihe court. The case will, therefore, be referred to a master to state an account upon this principle.
It is claimed, however, that the case in 3 Cowen is overruled by a case reported in the ninth volume of the same work. By reference to the case in 9 Cowen, it will be found that the decision reported was made by a circuit judge, and we do not readily perceive how such a case can be claimed as being of more force than a decision made by the Supreme Court of the state.