Nash, C. J.
 

 In the charge of his Honor, w,e think there is error, and that he ought to have charged as requested by the defendant’s counsel. The defendant was indebted to the plaintiff by a bond for $550, which, after maturity, he paid to the plaintiff in discharge of the principal. The action is in deb.t, and the declaration on the bond. The action cannot be sustained.
 

 The general principle is, that where the principal subject of a elaim is extinguished by the act of the plaintiff, or of the parties, all its incidents go with it. Thus, in an action of ejectment, if the plaintiff, pending the suit, takes possession of the premises, upon the plea of the defendant or upon its being shown, the plaintiff will be non-suited,
 
 Johnston
 
 v.
 
 Swain,
 
 Busb. Rep. 335. So, in an action of detinue, if the plaintiff takes possession of the property, claimed, he can recover no damages, for they are consequential upon the recovery of the thing sued for,
 
 Morgan
 
 v.
 
 Cone,
 
 1 Dev.
 
 &
 
 Bat. Rep. 234. This is an action of debt on a bond to recover the interest, the principal having been paid by the defendant before the bringing of the action: by that payment, the bond was discharged, and by analogy to the cases referred to, the plaintiff cannot recover the interest, which is but an incident to the principal — ■ the bond. A j ury gives the interest in an action on a bond, by the way of damages, for the detention of the principal; that being gone, every thing founded on it, must go with it,
 
 Dixon
 
 v.
 
 Parks and others,
 
 1 Esp. Rep. 111. That was an action on a
 
 respondentia
 
 bond. The bond was payable twenty-one days after the arrival of the vessel at Canton, but if not then paid, there was reserved an increase of interest. The ship arrived at Canton, but the bond was not paid for three months after the expiration of the twenty-one days, when the principal and
 
 *207
 
 interest, up to the twenty-one days was paid, the defendant refusing to pay the increased interest for the three months, for which the action was brought. Lord KeNyoN ruled
 
 “
 
 that the plaintiff could not recover“ If he had intended to demand the increased interest he ought not to have received the principal.” The same principle is stated in the case of
 
 Tillotson
 
 v. Preston, 3 Johns. Rep. 229,
 
 Pate
 
 v.
 
 Eddie,
 
 15 Wend. 76, and in 8 Blackf. Rep. 328.
 

 When the principal was paid, the defendant, for some cause, refused to pay any interest, and it was agreed between the parties to refer that question to an arbitrator, who decided that the defendant should pay the interest. He refused to stand to the award; this does not affect the question now before us; the plaintiff may have a cause of action against the defendant upon the award, but not upon the bond.
 

 PeR Curiam. Judgment reversed.
 
 Venire de novo
 
 awarded.