18193.   ALEXANDER *v.* CITY OF ATLANTA.

STEPHENS, J.   1. Although a sum of money when paid by a debtor to the
creditor is applied first to the payment of the accrued interest, and
the balance, if any, is applied to the principal, unless the debtor in
making the payment otherwise directs, it is nevertheless a question of
fact whether the money when paid is applied first to the payment of
the interest, or whether the entire sum is applied upon the principal.
2. In a petition in a suit to recover a balance alleged to be due upon an
indebtedness from the defendant to the plaintiff, wherein it is alleged
that certain real estate was sold by the plaintiff to the defendant at
the agreed price of $30,500, which was not paid on the date on which
it was due, but that on a certain date afterwards the defendant paid
to the plaintiff $30,500, and where it is not alleged that there was
a contract to pay interest upon this sum, and where it is further
alleged that the defendant is due the plaintiff a certain sum of money
as a balance due on the purchase-price of the property, which balance
represents the difference between the principal and the accrued interest

---

Damages, 17 C. J. p. 814, n. 28.
Interest, 33 C. J. p. 257, n. 5.
Payment, 30 Cyc. p. 1249, n. 81; p. 1296, n. 91.
Pleading, 31 Cyc. p. 289, n. 61.
Use and Occupation, 39 Cyc. p. 856, n. 19; p. 866, n. 96.

which it is alleged is implied in the contract, and which balance is a sum equal in amount to the alleged accrued interest, but where it is not alleged in the petition that, by operation of law, in the absence of direction otherwise by the defendant, the sum paid was applied to the payment of interest and the balance upon a reduction of the principal, the petition, construing it most strongly against the pleader, alleges a payment of the sum, which is equal to the principal, in extinguishment of the principal.

3. Where an indebtedness consists of a principal, and the contract does not provide for interest thereon, but interest, if any, is only implied, a payment by the debtor of the principal, and an acceptance by the creditor of the sum so paid, amounts to a waiver by the creditor of a right, if any, to exact the payment of interest, and therefore to a release of the debtor from any obligation to pay interest upon the principal sum. *L. & N. Railroad Co.* v. *Alford*, 5 *Ga. App.* 428 (63 S. E. 524); Stewart *v.* Barnes, 153 U. S. 456 (2) (14 Sup. Ct. 849, 38 L. ed. 781); Moore *v.* Fuller, 47 N. C. 205; Tillotson *v.* Preston, 3 Johns. (N. Y.) 229; Bennett *v.* Federal Coal &c. Co., 70 W. Va. 456 (74 S. E. 418, 40 L. R. A. (N. S.) 588, Ann. Cas. 1913E, 578).

4. The first count of the petition therefore alleges a payment of the principal and seeks to recover the interest only, and since it appears that the principal has been paid and that no interest is due, the petition sets out no cause of action.

5. Where a person takes possession of private property, such as real estate, belonging to another, and appropriates it to his own use, any implied promise arising ex contractu on the part of the person taking the property, to pay its reasonable market value to the owner, does not carry with it an implied obligation to pay to the owner the rental value of the property for the time between the date of its occupation and appropriation by the person taking it. The second count of the petition brought by the owner against the person taking and appropriating the property which alleges that 17 months thereafter the plaintiff was paid by the defendant $30,500, which was a sum representing a fair and reasonable market value of the property, and which seeks to recover only an amount alleged as the rental value of the property for the intervening period of 17 months, sets out no cause of action.

6. The third count of the petition, which alleges an implied obligation to pay for the property as alleged in the second count of the petition in the sum of $30,500 as representing the fair and reasonable market value of the property, but which further alleges an implied obligation on the part of the defendant to pay interest at 7 per cent. upon the alleged reasonable market value of the property from the occupation and appropriation of the property by the defendant, and which alleges that the plaintiff has been paid $30,500, and which seeks to recover an alleged balance due upon the theory that a portion of the $30,500 when paid was applied to the payment of the interest, fails, under the rulings made in paragraphs 1, 2 and 3 above, to set out a right to recover the alleged balance, and therefore fails to set out a cause of action.

7. None of the counts of the petition sets out a cause of action, and the petition was properly dismissed on demurrer.

> *Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

> DECIDED MARCH 3, 1928.

Complaint; from Fulton superior court—Judge Humphries. April 14, 1927.

*Colquitt & Conyers, Jerome Jones Jr.,* for plaintiff.

*J. L. Mayson, C. S. Winn,* for defendant.