HEIDELBERG COLLEGE, APPELLANT, *v.* THE NATIONAL
CITY BANK OF CLEVELAND, EXR., APPELLEE.

(Decided March 11, 1940.)

*Mr. Heath K. Cole* and *Mr. Allan G. Aigler,* for appellant.
*Messrs. Tyler, Wilson & Rhinefort,* for appellee.

CARPENTER, J. A demurrer to the amended answer was overruled and final judgment for the defendant was entered on the pleadings, from which this appeal on questions of law was taken.

From the petition it appears that on June 18, 1923, in consideration of subscriptions by others to the seventy-fifth anniversary campaign, in behalf of plaintiff's building fund, Laura B. Sneath subscribed $10,-000, payable "on or before five years from date, without interest." In November 1928, by phone, she requested an extension of one year, which was granted. Thereafter and before payment was made, Laura B. Sneath died and defendant was appointed executor of her will by the Probate Court of Lucas county, and plaintiff filed with the executor a claim for $10,000, with interest from June 18, 1929. The claim was allowed as to principal and rejected as to interest.

Check for the $10,000 principal accompanied that action and it was accepted by plaintiff.

By the amended answer three defenses are asserted:

1. That the words "without interest" in the instrument had reference to interest on the obligation after it became due, hence, Mrs. Sneath was not obligated to pay the interest claimed;

2. That plaintiff failed to make demand for the payment of the subscription before the death of Mrs. Sneath; that she was then financially able to pay it, but since her death the estate and income from it have been much less; and

3. That having accepted payment of the principal without reservation of its right to collect the interest, plaintiff has waived its right to such interest.

From the copy of the subscription agreement, it appears that the subscription form being used in the campaign provided for payments, one-third in one, two and three years, but in Mrs. Sneath's subscription this is crossed out and this language added:

"Or payable at my convenience as follows: on or before five years from date, without interest."

What is the force of the last two words? Defendant urges that without them interest before due could not have been charged, hence they must relate to after-due interest. The real question is, what was the intent of the parties, particularly Mrs. Sneath when she used those words?

To accept defendant's contention would be to assume that Mrs. Sneath, although she was taking three years more in which to pay her subscription than the other subscribers took, had in mind that she would not pay then, and that she might let it run on indefinitely, and if such is the contract, it might even be questionable whether, under Section 8304, General Code, a judgment for the subscription would bear interest. Rather, is it not more reasonable to conclude that she had in mind that she was taking three years more than

other subscribers and she wanted it clear that she did not agree to pay interest on account of that additional time?

On the defense of laches, it is urged payment should have been demanded during Mrs. Sneath's lifetime, when she was financially able to pay it, and that the value of and income from her estate has been less than in 1928 and 1929. Nowhere in the pleadings does it appear when she died, except that when the petition was filed, February 28, 1939, she was dead and the executor had been appointed. The extension to 1929 was expressly requested by Mrs. Sneath, and, that the plaintiff further indulged her should not prejudice it if it is entitled by law to the interest claimed.

On the subject of waiver by accepting payment of the principal, the universal rule involved was well stated in *Nelson* v. *Chicago Mill & Lumber Corp.,* 76 F. (2d), 17, as follows, on page 23:

"When the right to interest is based on a contract, it becomes a substantive part of the debt itself and is recoverable even though the principal debt has been paid and extinguished; but where the interest is in the nature of damages for the breach of a duty, or a contract not providing for interest, it can be recovered only with the principal."

In a note in 100 A. L. R., 96, the cases on various phases of this proposition are cited.

In Ohio there are three pertinent code sections on the subject of "interest"; Section 8303, General Code, authorizes parties to stipulate interest not to exceed eight per cent; Section 8304, General Code, says that when the instrument stipulates for the payment of interest it "shall be computed till payment at the rate specified in such instrument"; and Section 8305, General Code, in all other cases (in this case) after maturity under the terms of the instrument "the creditor shall be entitled to interest at the rate of six per cent per annum, and no more."

The plaintiff contends that impliedly the latter section becomes a part of every contract for the payment of money which does not contain a provision for interest before due, and hence the statutory obligation to pay interest after maturity is contractual, and, under the rule stated in *Nelson* v. *Lumber Co., supra,* survives payment of the principal.

In two Ohio *nisi prius* cases that have been often cited, this proposition was discussed and in both it was decided that after maturity interest is in the nature of damages and therefore is extinguished by payment of the principal. They are *Graveson* v. *Odd Fellows Temple Co.,* 6 O. D. (N. P.), 287, 4 N. P., 112, and *Toledo Consolidated Electric Co.* v. *City of Toledo,* 13 O. D. (N. P.), 137. The same result obtained in *Thomas* v. *Cincinnati, N. O. & T. P. Ry. Co.,* 81 F., 911, 917, opinion by Judge Taft in an Ohio case.

In *Carr* v. *Doan Savings & Loan Co.,* 112 Ohio St., 219, 147 N. E., 641, 40 A. L. R., 819, Judge Allen, in discussing interest, at page 226 *et seq.,* quotes from *Fake* v. *Eddy's Exr.,* 15 Wend. (N. Y.), 76, and *Jourolmon* v. *Ewing,* 80 F., 604, 26 C. C. A., 23, to the effect that: When interest is not stipulated for in the contract, and is recoverable merely as damages, or as an incident to the debt, a creditor is precluded from sustaining an action for its recovery, after accepting the principal.

Plaintiff contends that all of these courts have overlooked *Darling* v. *Wooster,* 9 Ohio St., 517, which was an action on a promissory note "Due * * * on demand." No demand was made until commencement of suit. The defendant contended interest could only be charged from the date of suit—the plaintiffs from the date of the note. The court, after reasoning that the money was due at the date of the instrument, and applying the statute which is now Section 8305, General Code, in concluding, said:

"As the parties must be presumed to have con-

tracted with reference to the statute, we think the terms of the instrument create an obligation to pay interest from its date.''

The only point decided was the due date of the principal. What was said about the relation of the statute to the contract could have been said as to the common law before there was an interest statute, of which the predecessor of this court in *State, ex rel. Crapo,* v. *Parker,* 2 C. C. (N. S.), 38, 39, 15 C. D., 237, 238, said: ''The matter of interest was entirely a question of damages.'' Under either the statute or the common law, the person who made a contract to pay money knew if he defaulted he might be subject to damages. Section 8305, General Code, has done no more than make the recovery of such damages a matter of right, not, as at common law, in the discretion of either court or jury, and has fixed the measure of such damages.

The state of Georgia has interest statutes similar to those in Ohio, and in a case identical with that at bar, *Alexander* v. *City of Atlanta,* 37 Ga. App., 788, 142 S. E., 170, payment of principal ''released the debtor from any obligation to pay interest upon the principal sum.''

The damage principle as stated in 100 A. L. R., 105, not being changed in Ohio by Section 8305, General Code, the defense of waiver of interest was well taken and the trial court did not err in overruling the demurrer to the answer, and its judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.