GAWNE, APPELLANT, *v.* CASANOVA ET AL, APPELLEES.

(No. 613—Decided October 18, 1948.)

*Messrs. Young & Young,* for appellant.
*Mr. James L. McCrystal,* for appellees.

FESS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas sustaining a demurrer to the amended petition of plaintiff.

In her amended petition, plaintiff claims that on or about July 27, 1946, she entered into an agreement with the defendants wherein defendants agreed to purchase certain real estate from the plaintiff for the sum of $4,200, payable $54 in cash and $350 on July 29, 1946, with the balance of $3,796 payable in cash upon delivery of the deed to the premises. The agreement provided further that the defendants were to be given possession of the property on July 29, 1946; and that plaintiff should give a warranty deed free and clear of all encumbrances except taxes for the first half of the year 1946, together with evidence of title in plaintiff, in accordance with the terms of the agreement.

Plaintiff alleges further that on or about August 10,

1946, plaintiff delivered to the Erie County United Bank, as agent for the defendants, a good and sufficient warranty deed to the real estate free and clear of all encumbrances; that on or about November 15, 1946, the bank advised the plaintiff that plaintiff did not have a good title to the premises; that thereafter plaintiff made repeated demands upon the defendants and upon the bank that the defendants carry out their agreement to pay plaintiff the amount due under the agreement; that on or about February 8, 1947, plaintiff sent to defendants a statement of title in the plaintiff to the real estate; that defendants failed and refused to pay the plaintiff pursuant to the agreement; that on or about April 8, 1947, plaintiff demanded that the defendants either make prompt payment to the plaintiff of the amount due on the agreement or return the real estate to the plaintiff; that defendants continued to retain possession of the property; and that on July 3, 1947, the defendants caused the Erie County United Bank to pay the plaintiff the balance due upon the agreement.

Plaintiff alleges further that by reason of the refusal of the defendants to comply with the terms of the agreement she was deprived of the use of her property from August 10, 1946, until July 3, 1947; that she was deprived of the use of such sum of $3,796 from August 10, 1946, until July 3, 1947; and that she was compelled to pay taxes in the sum of $19 and insurance in the sum of $18.50, all to her damage in the sum of $575 for which plaintiff prays judgment.

It is apparent from the face of the petition that plaintiff did not comply fully with the agreement of July 27, 1946, until February 8, 1947, on which date plaintiff alleges she delivered the certificate of title to the agent of the defendants; and any rights which might have accrued to plaintiff did not, therefore, ac-

crue until February 8, 1947.

It is contended by the defendants that the plaintiff in accepting the balance due when the same was tendered on July 3, 1947, thereby waived any claim which she might have had to recover for loss of the use of the balance of the purchase price.

For aught the petition shows, the payment of the taxes and insurance premium was voluntary and was not made at the instance and request of the defendants. Essentially, the claim set forth in the petition is for damages suffered by plaintiff arising out of the delay in payment of the balance of the purchase price. Whether the amount of the damages claimed is measured by the normal rate of interest upon the upaid balance, by the reasonable value of the loss of the use of the premises, or by the amounts paid for taxes and insurance, the claim is one for an unliquidated amount.

Acceptance of less than the amount presently or past due upon a liquidated and undisputed indebtedness, even in full payment thereof, is not an accord and satisfaction. *Yin* v. *Amino Products Co.*, 141 Ohio St., 21, 46 N. E. (2d), 610. Where interest is payable by the terms of a contract, it becomes an integral part of the debt and the payment of the principal sum does not prevent a subsequent recovery of the interest. 100 A. L. R., 98.

But where a contract is silent as to interest, so that, if it can be recovered at all, it is an incident of the debt sued for and recoverable only as damages to make good to the creditor the loss he has sustained by reason of the breach or default, an action to recover the interest cannot be maintained after the payment of the principal, as such interest cannot exist without the debt, and, the debt being extinguished, the right to claim interest must necessarily be extinguished also. 100 A. L. R., 105.

This principle has been followed by this court in *Heidelberg College* v. *National City Bank of Cleveland, Exr.,* 65 Ohio App., 212, 29 N. E. (2d), 572.

As to the claim of plaintiff for the use of the premises, inasmuch as it is one for unliquidated damages, her acceptance of the payment of the balance in full likewise extinguishes her claim for damages.

The judgment is affirmed.

*Judgment affirmed.*

CONN and CARPENTER, JJ., concur.