BRAVERMAN, APPELLEE, *v.* SPRIGGS, APPELLANT.

(No. 79AP-902—Decided March 25, 1980.)

*Mr. John Wile,* for appellee.

*Messrs. Bricker & Eckler* and *Mr. Michael J. Renner,* for appellant.

WHITESIDE, J. Defendant-appellant, Edie Balyeat Spriggs, appeals from a judgment of the Franklin County Municipal Court and raises a single assignment of error as follows:

"The Trial Court erred in granting interest to Plaintiff on the judgment calculated from November 17, 1975."

This cause was previously before this court upon an earlier appeal; and, this court reversed a prior judgment of the trial court and remanded the cause to that court "with instructions to enter judgment for plaintiff upon his complaint against defendant in the amount of $4,500 plus such additional amount as the trial court finds may be due plaintiff as his share of net profits, properly payable to him in accordance with the provision of the writing which was orally agreed to by the parties."

The trial court found that such additional amount due was $1,836.68 and, accordingly, awarded a judgment in the total amount of $6,336.68. The trial court, however, awarded interest upon the entire judgment at the rate of six percent per annum from November 17, 1975, the approximate date of termination of the employment of plaintiff-appellee, Paul Braverman, by defendant.

The judgment of this court, upon the prior appeal, makes it clear that plaintiff's claim was liquidated as to amount with respect to severance pay, namely, three months' pay at the rate of $1,500 per month. Actually, the provision was to the effect that defendant was to continue to pay plaintiff his monthly salary for three months after termination of his employment. The writing, which was orally agreed to by the parties, states, in part, as follows:

"***Employee shall be entitled to receive for a three (3) months period the semi-monthly salary payments provided in the foregoing paragraph 2."

As to net profits, however, our prior decision makes it clear that the amount thereof, to which plaintiff was entitled, was unliquidated as to amount, this court stating:

"***It is clear, however, that plaintiff is entitled to three months' termination pay in accordance with the agreement and to a share of the net profits for the two months he served as general manager. While perhaps this court could make the two determinations necessary to finally resolve both the period for which plaintiff was entitled to share in net profits and the monetary amount of such share, we feel it would be better to remand this matter to the trial court for such determination***."

R. C. 1343.03 provides as follows:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of six per cent per annum, and no more."

The Supreme Court in *Shawhan* v. *Van Nest* (1874), 25

Ohio St. 490, held to the effect that where money becomes due under a contract which stipulates the amount to be paid, interest accrues from the time that the money due should have been paid. As to the amount due for severance pay — that is, the three months' additional pay — there never was any question as to the amount due, the amount clearly being three months' pay at $1,500 per month.

Defendant contends, however, that the claim was unliquidated because defendant denied owing it. Under such a theory, any debtor could avoid paying interest solely by denying that he owed the debt. The running of interest is not delayed because the debtor denies owing the debt, but, rather, is delayed only where the amount is unliquidated, that is, the amount of the debt is uncertain. Where the amount of the debt is clear, but the only question raised is whether the plaintiff is entitled thereto, interest runs on the debt from the time that it was due and payable, as eventually found by the court. Here, the $4,500 was due, at the latest, on February 16, 1976. Actually, it should have been paid in semi-monthly installments in accordance with the agreement. Thus, plaintiff's claim for severance pay was liquidated in amount; and, interest on the full amount thereof accrues from February 16, 1976, rather than from November 17, 1975.

As to plaintiff's share of the net profits in accordance with the agreement, the amount due plaintiff remained unliquidated in amount until the date of judgment of the trial court.

Defendant is correct in her contention that the trial court erred in awarding interest, but, is incorrect in her contention that no interest should run until the entry of the trial court's judgment. Accordingly, to this extent, the assignment of error is well taken.

For the foregoing reasons, the assignment of error is sustained to the extent indicated; and, the judgment of the trial court is modified with respect to interest, so as to provide that plaintiff is to recover interest of six percent per annum from February 16, 1976 upon $4,500 of the judgment, and from the date of judgment upon the balance thereof. This cause is remanded to the Franklin County Municipal Court for implementation and execution of the modified judgment.

*Judgment accordingly.*

STRAUSBAUGH, P. J., and REILLY, J., concur.