PREPAKT CONCRETE COMPANY,
APPELLEE AND CROSS-APPELLANT, *v.*
KOSKI CONSTRUCTION COMPANY,
APPELLANT AND CROSS-APPELLEE.

(No. 55222—Decided
April 24, 1989.)

*Walter, Haverfield, Buescher & Chockley, John H. Gibbon* and *Jonathan D. Greenberg,* for appellee and cross-appellant.

*Warren & Young* and *Carl F. Muller,* for appellant and cross-appellee.

PRYATEL, J. Plaintiff-appellee and cross-appellant Prepakt Concrete Company ("plaintiff") filed suit against defendant-appellant and cross-appellee Koski Construction Company ("defendant") in Cuyahoga County Common Pleas case No. 95964. Plain-tiff's complaint alleged plaintiff and defendant entered into a contract on or about May 29, 1974 under the terms of which plaintiff was to supply labor and materials for the construction of a spillway and dam improvements with payments due in full within thirty days of completion of the contract work. Plaintiff's complaint alleged it fully performed its obligations under the contract and although defendant made some payments under the contract as of July 31, 1981, defendant still owed $40,460.85. Plaintiff prayed for $40,460.85 plus ten percent interest from July 31, 1985.

The case was tried by the court based upon joint stipulations and trial briefs and exhibits filed by the parties.

The trial court found defendant was liable to plaintiff and ordered the parties to calculate the amount owed pursuant to the method used in plaintiff's Exhibit D█ with interest calculated on the unpaid principal sum due and owing as of April 2, 1976. The trial court's judgment was journalized January 14, 1988.

Defendant filed a timely notice of appeal and plaintiff filed a timely notice of cross-appeal.

The stipulated facts are as follows. Plaintiff performed its contractual obligations in a timely and workmanlike manner pursuant to the written contract. Work was completed on July 31, 1974 and plaintiff invoiced defendant for the full amount of $56,662.78 owed under the contract. Under the terms of the contract payment was to be made in full within thirty days of completion of the work, *viz.,* by August 31, 1974.

On April 2, 1976, plaintiff sent defendant a letter discussing payment of the outstanding debt and suggesting a promissory note with interest or ar-

ranging an acceptable payment schedule. No answer or objection was made by defendant. Defendant made no payment until June 6, 1976, at which time defendant paid plaintiff $5,000.

In October 1976, plaintiff again proposed a payment schedule for the outstanding balance with interest at nine percent per annum with interest beginning August 1, 1974 and payable in monthly installments of $5,000. Once again defendant did not respond in writing or object to the proposal.

On December 7, 1976, defendant sent plaintiff a letter indicating defendant would be sending plaintiff $500 per month to apply towards the account. In December 1976, defendant began making monthly installment payments of $500. Defendant continued making these $500 payments through June 1984. On July 2, 1984, defendant sent plaintiff a check for $6,020, which was cashed by plaintiff.[2]

Meanwhile, on July 25, 1978, while the installment payments were being made, plaintiff sent defendant a letter setting forth an accounting based upon defendant's prior payments and a six percent compound interest rate. Once again defendant made no objection nor did defendant alter its method or explanation of payment on account.

The parties further stipulated that from August 1, 1974 to July 29, 1980, the legal rate of interest was six percent. Effective July 30, 1980, the rate increased to eight percent and effective July 5, 1982, the rate increased to ten percent.

Plaintiff and defendant also set forth various methods of accounting stipulated to be mathematically correct. Plaintiff's Exhibit D was stipulated to be a method of interest on the outstanding principal known as simple interest at the legal rate as it changed over time. It was further stipulated that under this method partial payments received were first applied to outstanding interest and then to outstanding principal.

In addition, the record reflects the documents stipulated as comprising the entire contract did not contain any expressed rate of interest to be charged against any outstanding account.

Defendant's first assignment of error follows:

"The trial court erred in holding that the plaintiff was entitled to maintain its action to recover interest as damages."

Defendant's first assignment of error lacks merit.

Defendant argues its payment of the full principal amount owed constitutes a bar and a waiver to any claim for recovery of interest. Defendant's argument is unpersuasive.

R.C. 1343.03 provides in pertinent part:

"(A) * * * [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which

---

[2] Defendant's payment sent July 2, 1984 was marked "final payment." Defendant argues the wording constitutes either an accord and satisfaction or plaintiff's acceptance constituted an admission of payment in full. However, the check is not marked payment in full. The marking of the check as "final payment" merely gave plaintiff notice defendant was refusing to make any subsequent payments.

case the creditor is entitled to interest at the rate provided in that contract."

It should be noted R.C. 1343.03(A) has existed in one form or another since at least 1799 and has been in effect continuously from that date. Various courts have interpreted this statute to apply to debt obligations only when the principal has not been fully paid prior to commencement of suit. *Carr* v. *Doan S. & L. Co.* (1925), 112 Ohio St. 219, 227, 147 N.E. 641, 643; *Gawne* v. *Casanova* (1948), 86 Ohio App. 230, 41 O.O. 97, 90 N.E. 2d 444; *Heidelberg College* v. *Natl. City Bank* (1940), 65 Ohio App. 212, 18 O.O. 395, 29 N.E. 2d 572; *Graveson* v. *The Odd Fellows Temple Co.* (1897), 6 Ohio Dec. 287.

It has been held that when no interest rate is stipulated the interest is in the nature of a damage suffered by the creditor when a debtor has withheld payment. The interest follows the principal and once the principal is paid there no longer exists a cause of action for damages. However, it should also be noted where installment payments are made generally with no reference to principal or interest, several courts have held the payments are first made to interest and then once interest is paid the remaining portion of the payments is applied to principal. See *Toledo* v. *Scott* (1890), 23 W.L.B. 238; *Toledo Consolidated Elec. Co.* v. *Toledo* (1902), 13 Ohio Dec. 137. Compare *Anketel* v. *Converse* (1866), 17 Ohio St. 11.

In the case *sub judice,* plaintiff argues defendant's payments were first applied to interest and then to principal and, as a consequence, the principal had not yet been extinguished prior to commencement of suit.

Defendant argues plaintiff waived the right to claim interest by accepting payments on principal only. However, defendant neither expressly stated or indicated it would be paying only the principal nor did plaintiff represent defendant's payment would be applied to principal only. As a matter of fact, plaintiff made demands for interest which defendant ignored. Since payments were made generally, the right to interest was not waived. See *Toledo* v. *Scott, supra; Consolidated Elec. Co.* v. *Toledo, supra.*

Defendant's reliance on *Graveson, supra,* for the proposition that acceptance of the principal through installment payments waives the right to claim interest is misplaced. The *Graveson* court reasoned a claim for interest is waived despite protest to the contrary when one accepts installment payments. That rationale is unpersuasive, especially in light of the legal requirement and duty to mitigate damages in a contract dispute. See, *e.g., F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 1 O.O. 3d 90, 351 N.E. 2d 121. Therefore, plaintiff never waived the right to interest by accepting partial payments.

When a debt is liquidated and no interest rate is stipulated, interest accrues at the legal rate of interest when payments become due. *Tony Zumbo & Son Constr. Co.* v. *Dept. of Transportation* (1984), 22 Ohio App. 3d 141, 22 OBR 389, 490 N.E. 2d 621; *Nursing Staff of Cincinnati, Inc.* v. *Sherman* (1984), 13 Ohio App. 3d 328, 13 OBR 406, 469 N.E. 2d 1031; *Shaker Savings Assn.* v. *Greenwood Village, Inc.* (1982), 7 Ohio App. 3d 141, 7 OBR 184, 454 N.E. 2d 984; *Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58, 22 O.O. 3d 47, 426 N.E. 2d 526.

In the case *sub judice,* the legal rate of interest has changed three times since the debt became due. Prejudgment interest should be calculated at the statutory rate in effect during the period in question. *Hardiman* v. *Zep Mfg. Co.* (1984), 14 Ohio App. 3d 222, 228-229, 14 OBR 250, 256-257,

470 N.E. 2d 941, 948-949, fn. 8. Consequently, interest should run at six percent from August 31, 1974, the date the debt became due, to July 29, 1980, at eight percent from July 30, 1980 to July 4, 1982, and at ten percent from July 5, 1982. These rates conform to changes in R.C. 1343.03(A) during the relevant period. See K. Klass Masonry, Inc. v. Pilhartz (Oct. 2, 1986), Cuyahoga App. No. 51015, unreported.

Accordingly, defendant's first assignment of error is not well-taken and is overruled.

Defendant's second assignment of error and plaintiff's cross-assignment of error involve substantially identical legal issues and will be discussed concurrently.

Defendant's second assignment of error states:

"The trial court erred in holding that there was a demand for payment of interest by plaintiff-appellee on April 2, 1976."

Plaintiff's cross-assignment of error states:

"The trial court erred in holding that interest began to run from and after April 2, 1976."

Defendant's second assignment of error is meritorious in part and plaintiff's cross-assignment of error is meritorious.

At the outset, it should be noted whether plaintiff first made demand for interest on April 2, 1976, as the trial court held, or July 25, 1978, as defendant argues, is irrelevant to the disposition of this appeal since the interest begins to accrue as noted, supra, when the debt arises. However, the trial court held interest begins to accrue when the first demand for interest is made and the trial court ordered payment be made in accordance with the method set forth in plaintiff's Exhibit D, which calculates simple interest at the legal rate.

However, the trial court held payment of interest or unpaid principal should begin to accrue on April 2, 1976, the date of plaintiff's first demand. This holding is inconsistent with Braverman, supra, and its progeny. Defendant's reliance on Burger v. Cincinnati (1903), 13 Ohio Dec. 516, and Bowler v. Garland (1901), 24 Ohio C.C. (N.S.) 391 for the proposition interest does not begin to accrue until demand is made is unpersuasive in light of the more recent holdings of Braverman, supra, and its progeny, indicating interest begins to run when the debt becomes due and payable. The principal became due and payable August 31, 1974. Consequently, interest should begin to run from August 31, 1974 and not from April 2, 1976.

Accordingly, defendant's second assignment of error is well-taken in part and sustained in part and plaintiff's cross-assignment of error is well-taken and sustained.

Defendant's third assignment of error follows:

"The trial court erred in its holding that the plaintiff was entitled to recover interest upon interest or compound interest."

Defendant's third assignment of error lacks merit.

"Where interest is payable annually, or at other stated periods, it bears simple interest from the time it falls due till paid; and payments are to be applied, first, in satisfaction of interest due upon interest; secondly, in satisfaction of interest due upon the principal; and, thirdly, in satisfaction of the principal; but in no case will the interest upon interest be made to bear interest." (Emphasis sic.) Anketel v. Converse (1866), 17 Ohio St. 11, paragraph four of syllabus. See, also, Averill Coal & Oil Co. v. Verner (1872), 22 Ohio St. 372; Miami Exporting Co. v. Bank of United States (1831), 5 Ohio 260.

32

R.C. 1343.03(A) describes the legal rate of interest in terms of a percentage per annum; however, the statute does not state a period at which the interest is payable. Nevertheless, the trial court's ruling allowing interest as computed in plaintiff's Exhibit D computes interest at simple rate and not a compound rate. Defendant's argument that the trial court erred in awarding compound interest is, therefore, misplaced.

Plaintiff's Exhibit D calculates interest at the relevant legal interest rates on principal only and does not calculate interest upon interest. Defendant's Exhibit D applies payment first to interest and then to principal in accordance with the holding in *Anketel, supra.* The method of payment as adopted by the trial court does not calculate interest upon interest and, therefore, there is no compounding of interest. Furthermore, the result reached by the trial court is equitable since defendant has had the use of plaintiff's money since 1974.

Accordingly, defendant's third assignment of error is not well-taken and is overruled.

Judgment affirmed as modified to include interest accruing to the principal as of August 31, 1974.

*Judgment accordingly.*

MATIA, P.J., and SWEENEY, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.