8

## SYSTEMS DATA, INC.

v.

## VISI TRAK CORPORATION.█

Akron Municipal Court.

94 CV 11003.

Decided July 3, 1995.

─────────

*Michael Baker*, for plaintiff.

*Snyder & Associates* and *William F. Snyder*, for defendant.

---

ELINORE MARSH STORMER, Judge.

This case came for trial on June 20, 1995. The principal facts averred at trial are as follows.

Between April 15, 1991 and October 15, 1992, Visi Trak Corp. received goods totalling $33,558.85 from Systems Data, Inc. The purchases were made pursuant to a quotation, purchase order, and invoice process. Each purchase order used by defendant, Visi Trak, indicated the payment terms to be net thirty days. Visi Trak did not pay the invoices within the allotted thirty days, but instead made payments on the account over the time period outlined above. No later than October 15, 1992, Visi Trak had paid the entire principal amount of the invoices, but did not pay interest or "service charges" on invoices not paid within the allotted thirty days. The total amount of interest sought by Systems Data is $3,552.82.

The interest rate used by plaintiff for past due invoices is unclear. One of the quotations submitted to Visi Trak contains a clause on the reverse side of the form stating: "A service charge of 1½% per month (or fraction thereof) or an annual rate of 18% will apply to past due account balances." (Plaintiff's Exhibits 1 & 2.) However, an invoice submitted after the goods identified in the quotation were shipped contained a note at the bottom indicating: "A service charge of 2% per month or an annual rate of 24% is due and payable after the standard 30 days

terms." (Plaintiff's Exhibit 4.) Finally, Plaintiff's Exhibit 12 shows an account history between the parties. There, "interest" on the account was calculated at a rate of twelve percent.

At trial, defendant testified that its custom was not to pay interest on past due invoices. Such a posture is highly unusual in the business setting and is belied by the June 15, 1992 letter from Visi Trak to Systems Data. (Plaintiff's Exhibit 15.) In this letter, John R. Vann of Visi Trak wrote to Bill Frantz of Systems Data to explain the financial difficulties encountered by Visi Trak. Vann outlined a payment schedule in his letter and stated, "These payments, of course, will include interest for carrying charges." In addition, defendant's own purchase order refers to a "net 30 day" payment. Payments outside the thirty-day period would, by inference, be a larger amount.

The court finds that interest is due for the past due account balances. The rate of interest is an issue that this court must decide based on the conflicting evidence presented at trial. But first, it is necessary to address plaintiff's attempt to distinguish "interest" from "service charges."

Interest is the compensation allowed by law, or fixed by the parties, for the use, detention, or forbearance of money. *Fulton v. B.R. Baker–Toledo Co.* (1934), 128 Ohio St. 226, 228, 190 N.E. 459, 460–461. In the case *sub judice,* Systems Data's attempt to distinguish service charges from interest is not well taken. Plaintiff calculated its "service charge" based on an interest rate, and both the alleged service charges and interest rate were used for the same purpose: to compensate System's Data for Visi Trak's use of its money. Plaintiff's Exhibit 12 shows a column marked "Ser. Chgs./Interest," neither of which is distinguished from the other.

The parties are also in dispute as to the method of calculating interest. Annual interest is simple interest on the principal sum plus simple interest on each installment of interest from the time it falls due until it is paid. 61 Ohio Jurisprudence 3d (1985), Interest and Usury, Section 29. In practice, this means:

" 'Where interest is payable annually * * *, it bears *simple* interest from the time it falls due till paid; and payments are to be applied, first, in satisfaction of interest due upon interest; secondly, in satisfaction of interest due upon the principal; and, thirdly, in satisfaction of the principal; but in no case will the interest upon interest be made to bear interest.' " (Emphasis *sic.*) *Prepakt Concrete Co. v. Koski Constr. Co.* (1989), 60 Ohio App.3d 28, 31, 573 N.E.2d 209, 213, quoting *Anketer v. Converse* (1866), 17 Ohio St. 11, at paragraph four of the syllabus.

For entitlement to interest at other than the statutory rate, R.C. 1343.03(A) sets forth two requirements: (1) there must be a written contract

between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 21 OBR 152, 486 N.E.2d 1229, paragraph one of syllabus. Where the contract merely states that interest will be charged without specifying the amount or percentage to be charged, the contract does not meet the prerequisites of R.C. 1343.03(A) for entitlement to a rate different from the statutory rate. *Id.* at paragraph four of the syllabus.

█ Although there is ample evidence to show that interest was intended on invoices not paid within thirty days, the rate of such interest is uncertain given that three different rates appear on various exhibits entered into evidence. There was no "meeting of the minds" as to the rate or interest to be charged. Accordingly, the court *must* apply the statutory rate provided for in R.C. 1343.03(A), a rate set at ten percent in 1982. R.C. 1343.03(A); *Prepakt, supra,* 60 Ohio App.3d at 29, 573 N.E.2d at 210–211.

The court has recalculated plaintiff's accounts to assess the required ten percent interest on balances not paid within thirty days, giving the appropriate credit where payments were made. The court finds plaintiff is entitled to $1,252.25 for simple interest at a rate of ten percent per annum on unpaid invoices. This amount continued to accrue interest from November 1992 until the June 1995, or thirty-one months. The interest on interest thus totals $322.09. The total of interest on principal until the principal debt was extinguished, plus interest on interest, is $1,574.34.

Judgment is awarded to plaintiff in the amount of $1,574.34 plus interest from the date of judgment at the statutory rate and court costs.

IT IS SO ORDERED.

*Judgment accordingly.*