**PEARLMAN et al., Appellants,**

**v.**

**TAYLOR et al., Appellees.**

[Cite as *Pearlman v. Taylor* (1996), 114 Ohio App.3d 510.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 95–JE–21.

Decided Oct. 2, 1996.

*Adrian V. Hershey,* for appellants.

*Milton A. Hayman,* for appellees.

---

O'Neill, Presiding Judge.

This cause originated in the trial court when the appellants filed a complaint for declaratory judgment. The complaint alleged that, on October 30, 1984, the appellees executed and delivered a mortgage deed to the appellants in the amount of $25,000. This mortgage allegedly covered three parcels of real estate. A copy of the mortgage deed was marked as Exhibit A and attached to the complaint. The complaint went on to allege that, on October 30, 1984, the appellees executed and delivered a mortgage note to the appellants, promising to pay the appellants the principal sum of $25,000 together with interest at the rate of fifteen percent per annum on or before November 1, 1994. A copy of the note was attached to the complaint. In the prayer of the complaint, the appellants

requested the court to find that the appellees were obligated under the terms of the mortgage deed and mortgage note for the full amount.

In response, the appellees answered and alleged that the note of November 1, 1994 had been paid in full and that the appellants owed the appellees a sum of money in excess of $5,000.

Following trial, the trial judge issued findings of facts and conclusions of law, which found that the appellees were entitled to $32,728.39 from the appellants. Additionally, the trial judge ordered that the mortgage indebtedness had been paid in full and ordered the release of the mortgage from the records of the Jefferson County Recorder's Office.

It was shown at trial that, in October 1984, the appellants sold to the appellees a parcel of real estate for $55,000. The appellees paid for the property with a down payment of $30,000, which they received from a first mortgage loan, and for the balance of the account the appellants took a second mortgage loan on the property in the amount of $25,000.

It was also shown that, during the past fifteen years, the parties had had an ongoing business relationship wherein the appellees acted as a maintenance contractor maintaining various properties owned by the appellants.

Following a trial, the trial judge concluded that the first mortgage had been previously paid and that the second mortgage, which was the subject of this action, had been paid in full and was, in fact, overpaid by the appellees through their continuing work on various properties owned by the appellants.

The appellants offered into evidence their Exhibit 5, entitled "Credit Chart." This was a chart prepared by the appellees reflecting work that the appellees had done for the appellants over the years until 1993. It reflected payments that had been made and debts that were owing. One of the appellants testified that he had no records to contradict the credit chart, and that he accordingly accepted the figures contained therein as accurate. The appellees, in their part of the case, entered their Exhibit D, which set forth additional credits which were not included in the appellants' Exhibit 5. The trial judge reviewed both exhibits and found that there were no conflicting entries on them. In reviewing the amounts owed, the trial judge concluded that, as of July 31, 1988, the appellees had credited to their account for payment on the original mortgage and note the sum of $25,679.47. He concluded that they had thereby overpaid on the principal of the note the amount of $679.47 as of July 31, 1988.

The trial judge concluded that the appellees were not obligated under the mortgage executed in favor of the appellants on October 30, 1984 and that that mortgage and the note accompanying it had been satisfied. The trial judge further concluded that the appellants were indebted to the appellees in the sum

of $32,728.39 through June 30, 1995, of which $21,852.92 represented money owed for services performed on behalf of the appellants by the appellees, the balance being interest calculated at ten percent simple interest through June 30, 1995.

A timely notice of appeal was filed directed to this final judgment.

 The first assignment of error is that the trial court erred in concluding that interest did not commence as of October 30, 1984, since the testimony indicates that this was clearly the intent of the parties.

The note in question very specifically stated:

"$25,000 on or before November 1, 1994, together with interest at the rate of fifteen (15%) percent per annum * * *."

The Supreme Court in *Shawhan v. Van Nest* (1874), 25 Ohio St. 490, held that where money becomes due under a contract that stipulates the amount to be paid, interest accrues from the time that the money due should have been paid. See, also, paragraph one of the syllabus in *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 22 O.O.3d 47, 426 N.E.2d 526, and *Thirty Four Corp. v. Sixty Seven Corp.* (1993), 91 Ohio App.3d 818, 633 N.E.2d 1179.

This first assignment of error is without merit.

As a part of his conclusions of law, the trial judge stated:

"3. As Ralph Washington Taylor, Sr., completed work for the Plaintiffs after July 31, 1988, money not paid for said work was a liquidated debt for which said Defendant was entitled to be paid and was entitled to interest thereon."

The trial judge cited as support for this conclusion *Prepakt Concrete Co. v. Koski Constr. Co.* (1989), 60 Ohio App.3d 28, 573 N.E.2d 209.

The conclusions of law also stated:

"4. When a debt is liquidated and no interest rate is stipulated, interest accrues at the legal rate of interest when payments become due. * * *

"5. That the legal rate of interest from 1988 to the present date in Ohio is 10% per annum."

 In essence, the trial judge concluded that the second mortgage given to the appellants was paid in full by the appellees as of July 31, 1988 and that any work that they performed for which they were not paid after July 31, 1988 amounted to a liquidated debt. A liquidated debt is an amount of money that is easily ascertainable. In this case, the credit chart, which was admitted as an exhibit before the trial judge, very easily made ascertainable the amounts of money owed by the appellants to the appellees after July 31, 1988. When a debt is determined to be liquidated and no interest rate is stipulated, interest accrues at the legal rate of ten percent when the payments become due. The trial judge

was correct in assessing ten percent interest from the date that the various amounts of money became due and owing by the appellants to the appellees.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cox, J., concurs.

Donofrio, J., concurs in part and dissents in part.

Cox, J., concurring. I concur with the majority opinion rendered in this matter.

A reviewing court will not overturn a trial court's decision on the issue of prejudgment interest unless the decision amounts to an abuse of discretion. *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 534 N.E.2d 855. See, also, *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248. No abuse of the sound discretion of the trial court has been shown.

Donofrio, J., concurring in part and dissenting in part. I respectfully concur in part with and dissent in part from the majority opinion herein.

I concur with the majority opinion and its ruling with regard to the first assignment of error and agree that the first assignment of error is without merit.

I disagree with the majority's finding that the second assignment of error is without merit. It is my opinion that the trial court erred in concluding that the amount owed by the appellants to the appellees after July 31, 1988 was liquidated and that prejudgment interest in the amount of ten percent began to accrue at that time.

The court's primary focus in determining whether an appellee is entitled to prejudgment interest is the extent to which the aggrieved party has been fully compensated. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687.

It has long been the law in Ohio when a debt is determined to be liquidated and no interest rate stipulated that interest accrues at the legal rate when payment becomes due. *Prepakt Concrete Co. v. Koski Constr. Co.* (1989), 60 Ohio App.3d 28, 573 N.E.2d 209. Whether or not the amount owed was liquidated is not in and of itself determinative, but it is very relevant in determining when the amount payable was due. Where an amount is unascertainable, or unliquidated, payment cannot possibly be due until the sum is ascertained. Therefore, a

determination as to an award of prejudgment interest must rely upon a determination as to when the amount owed became a sum certain.

An award of prejudgment interest is intended to act as compensation to the aggrieved party, not as punishment to the party responsible for the underlying damages. *Royal Elec. Constr. Corp., supra.*

In *Mahon–Evans Realty, Inc. v. Spike* (1986), 33 Ohio App.3d 268, 515 N.E.2d 953, the court stated that where trial testimony demonstrates that both parties to the contract hold different views as to the amount owing and where the amount cannot be determined by reference to the parties' agreement, the debt is unliquidated. The compensatory theory of prejudgment interest requires that if the amount is determined to be unliquidated, the statutory interest should accrue from the day of the trial court's judgment. To award an aggrieved party prejudgment interest on a truly disputed sum would be punitive.

There was obviously a disagreement between the parties as to the commencement of the interest rate of fifteen percent per annum owing on the original mortgage note herein. Appellants argued that it started to accrue on October 30, 1984. Appellees argued that it began to accrue on November 1, 1994. This major dispute led appellants to believe that they were entitled to $41,600. Appellees on the other hand argued that the note was to be interest-free until 1994.

There were totally different views as to the amount owing because of a total disagreement on the term of interest. The trial court eventually held that the interest was not to begin until November 1, 1994 and that appellants owed appellees the amount of $32,728.39 plus prejudgment interest. This was based on the trial court's taking of testimony, review of exhibits, and reliance upon case law stated in the journal entry.

In addition, appellees themselves did not ascertain that there was an overpayment until 1991. Although the courts have previously held that a mere denial of liability for a debt that is otherwise clear and ascertainable is not adequate to defeat a claim for prejudgment interest, *Nursing Staff of Cincinnati, Inc. v. Sherman* (1984), 13 Ohio App.3d 328, 13 OBR 406, 496 N.E.2d 1031; *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 22 O.O.3d 47, 426 N.E.2d 526, it is apparent in this case that the debt was not readily ascertainable and the question raised was whether or not appellees or appellants were entitled to payment.

Because a court decision was necessary to interpret this note and to clarify the issue of the amount owing between the parties, it cannot be said that the debt in question was a sum certain. Since the sum was not certain until the date of the trial court's judgment entry, it cannot follow that payment was due prior to that date. An award of prejudgment interest would therefore be punitive.

The parties had a legitimate difference in opinion, which required a trial and a judicial decision to clarify. Thus, the award of prejudgment interest is unwarranted and punitive. I would hold that appellants' second assignment of error has merit and that the judgment of the trial court should be reversed in part.