THE CAPITAL CITY LUMBER CO., APPELLEE, *v.* ELLERBROCK, APPELLANT, ET AL., APPELLEES.

[Cite as Capital City Lumber Co. v. Ellerbrock, 7 Ohio App. 2d 202.]

(No. 8171—Decided August 30, 1966.)

*Messrs. Lucas, Prendergast, Albright & Warren, Mr. Rankin M. Gibson* and *Mr. Robert E. Albright,* for appellant.
*Messrs. Robins, Metcalf & Preston* and *Mr. Richard B. Metcalf,* for appellee Wilson Floors Company.

BRYANT, P. J. On May 20, 1959, Vincent J. Ellerbrock, as owner, and George E. Bobb, as contractor, signed a contract for the erection of a residence for Professor and Mrs. Ellerbrock on premises owned by the latter two on Patricia Drive, Upper Arlington, Franklin County, Ohio. The consideration for the erection of the residence was $39,000 with a completion time of four months, with a provision whereby "owner offers the contractor a premium of $500.00 for completion of all work by September 15, 1959."

Although Mrs. Ellerbrock owned an undivided one-half

interest in the land upon which the residence was to be built, she did not sign the contract with the general contractor. Out of this contract and the events which followed arose the litigation of which the matter now before this court is a part.

It was on April 27, 1960, that the Capital City Lumber Company filed a petition in which the first cause of action was an action on account against the general contractor, George E. Bobb, for labor and material furnished, and the second cause of action was to foreclose a mechanic's lien against the property owned by the Ellerbrocks.

Named as defendants by Capital City were various other claimants including the holder of a mortgage and other subcontractors and materialmen alleged to hold mechanics' liens. The petition prayed for a judgment, a marshalling of liens, determination of the various priorities, sale of the premises, and other relief.

Subsequent to the execution of the contract between the Ellerbrocks and the general contractor, Bobb, Wilson Floors Co., hereinafter called Wilson, defendant, appellee herein, entered into a contract with Bobb, as prime contractor, to perform part of the construction work. In May 1962, Wilson filed its answer and cross-petition in the case now before us, setting forth two causes of action. Wilson's first cause of action was on account of work, labor and materials furnished Bobb in the sum of $3,328.51 on which Wilson claimed interest at the rate of six per cent per annum from February 15, 1960.

In its second cause of action, Wilson in its cross-petition alleged that it had a valid mechanic's lien against the property owned by the Ellerbrocks. When the matter first came on for determination in the Franklin County Common Pleas Court, it was held that the Wilson mechanic's lien was totally defective for failure to comply with the statute in that although the real estate stood in the name of Mr. and Mrs. Ellerbrock, only one of them, Vincent Ellerbrock, was named in the lien and only he was given the legal notice required. Other questions were there decided which are not now before us. Upon appeal to this court, this court determined that the mechanic's lien was valid and enforceable against the owner who was named and served, Vincent Ellerbrock, and this judgment was affirmed by the Supreme Court of Ohio, upon certification.

This portion of the lawsuit was returned to the Franklin County Common Pleas Court which on July 20, 1965, entered a judgment in favor of Wilson in the amount of $3,328.51, with interest thereon at the rate of six per cent per annum "from the 17th day of March, 1960, being the date that the lien of said Wilson Floor Co., Inc., was filed for record." Foreclosure of the mechanic's lien was ordered as to the interest in the property of Vincent J. Ellerbrock "which is an undivided one-half interest therein and his inchoate dower interest in the other undivided one-half interest therein of Geraldine B. Ellerbrock, his wife."

The judgment order made detailed provision with reference to the payment of a mortgage against the real estate, the costs, but at this point, the chief concern relates to the order as to Wilson and the interest ordered paid, the provision in the journal entry as to which reads in part as follows:

"2. To Wilson Floor Co., Inc., the sum of $3,328.51 plus interest thereon at six per cent per annum from March 17, 1960."

On appeal to this court, counsel for Vincent J. Ellerbrock claim that the allowance of interest above referred to is unauthorized and erroneous principally for two reasons. The first is the claim that in the prayer of the cross-petition, while interest is asked in addition to the amount of the debt claimed against Bobb, the general contractor, there is no prayer for interest against the mechanic's lien. The second is that there is neither privity of contract nor debtor-creditor relation between Wilson and Vincent J. Ellerbrock, with the result that the court is without power to award such interest.

It will be readily seen that because of the length of time this case has been in court, the interest even at simple six per cent for more than six years will approximate $1,200.

In their appeal to this court, counsel for Vincent J. Ellerbrock make one assignment of error which reads as follows:

"The Court of Common Pleas of Franklin County erred in awarding to the defendant-appellee, Wilson, a subcontractor, interest on its mechanic's lien on the one-half undivided interest of the defendant-appellant, Vincent J. Ellerbrock, in realty situated in Franklin County, Ohio."

In the brief of appellant, the question of law presented is alleged to be as follows:

"Is the defendant-appellee, Wilson, a subcontractor holding a mechanic's lien on the undivided one-half interest of the defendant-appellant, Vincent J. Ellerbrock, in realty situated in Franklin County, Ohio, entitled to interest on its lien?"

In the decision of the court below, it was stated that the right of Wilson to interest arises from the provisions of Section 1343.03, Revised Code, and Section 1311.06, Revised Code. Section 1343.03, *supra,* reads as follows:

"In cases other than those provided for in Sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of six per cent per annum, and no more."

Section 1311.06, Revised Code, provides that a subcontractor wishing to perfect a mechanic's lien for material furnished and labor performed must prepare and file "an affidavit showing the amount due * * *."

Commenting on these, the court below, in its decision, said in part:

"Reading these two statutes together, it seems clear that upon filing the affidavit (and following other requirements of the mechanic's lien law), the subcontractor then *becomes* a creditor of the owner of the property to the extent of the amount set forth in the affidavit, if proved, and that by virtue of Section 1343.03, Revised Code, he is entitled to interest on the amount claimed and proved from the date of filing the affidavit. Prior to the filing of the affidavit there was no liability on the part of the owner upon the agreement or the account that existed between Wilson Floor Company and Bobb, but after the filing of the affidavit, there was. Therefore, interest would start to run on the 'amount due' as set forth in the affidavit from the date of filing thereof. If interest is claimed for some period prior to the date of the affidavit, it would have to be in-

cluded in the 'amount due' or it would be waived *as against the owner.*"

The court below quite candidly states as to the claim for interest:

"On this point there appears to be no reported case in Ohio."

As already indicated, appellant makes two objections. First, as to the sufficiency of the prayer, and, second, that the law does not authorize interest in cases such as this. In our opinion, the first objection appears not to be well taken and it is overruled.

As to the second objection, we are of the opinion that it is well taken, chiefly for the reason that there is no privity of contract between Wilson and Ellerbrock and that the proceeding here is *in rem* and not *in personam.* Considered in that light, in our opinion, the statutes do not authorize the allowance of interest.

It must be remembered that Ellerbrock, as owner, and others in his situation, but for their failure to demand and receive the statutory papers, affidavits and other proof, before making payment to the general contractor, would not be in the unfavorable position of being required to pay twice for the work done.

Like the court below, we have made diligent but also unproductive search to find any decision by the Ohio Supreme Court precisely on this point—the liability of the owner to a subcontractor with whom he has had no direct dealing under circumstances present in this case.

It must be remembered that the Constitution of Ohio was amended in 1912 as the result of, and to overcome, the effect of the decision of the Supreme Court of Ohio in 1896 in *Palmer & Crawford* v. *Tingle,* 55 Ohio St. 423, holding unconstitutional and void a statute authorizing a lien against the property of an owner who had had no contractual relations with a subcontractor, and where the lien was based solely on a debt due from the general contractor to the subcontractor.

In the case of *Schuholz* v. *Walker* (1924), 111 Ohio St. 308, in an opinion by Judge Allen, the effect of the constitutional amendment of 1912 is discussed as follows, at page 311.

"A consideration which is a factor in deciding the case is

that under our present Constitution the proceeding to foreclose a mechanic's lien is a proceeding *in rem*. In *Palmer & Crawford* v. *Tingle*, 55 Ohio St. 423, 45 N. E. 313, this court declared that the 1894 amendment to the Mechanic's Lien Law (91 O. L. 135) was unconstitutional, and made that holding upon the ground that the subcontractor was not entitled to file a lien against the owner's property because he had no personal contractual relation with the owner. However, in 1912, the Constitution was amended to read as follows (Section 33, Art. 2):

" 'Laws may be passed to secure to mechanics, artisans, laborers, subcontractors and materialmen, their just dues by direct lien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the Constitution shall impair or limit the power.'

"The Mechanic's Lien Law, found in Section 8310 *et seq.*, General Code, therefore, under the present Ohio Constitution, establishes a right *in rem* and not a right *in personam*. This means, quoting substantially from an authoritative Ohio case, that the proceeding is brought to determine the status of the thing itself, the particular thing in the case (the real estate), and is confined to the subject-matter *in specie*. *Cross* v. *Armstrong*, 44 Ohio St. 613, at pages 624 and 625, 10 N. E. 160."

In *Lockland Lumber Co.* v. *Robinson* (1927), 116 Ohio St. 725, at 726, it is pointed out that the "statutes providing for mechanic's liens do not create any new substantive right, but are remedial in character, providing an additional means of enforcing payment of the debt."

One of the important difficulties in the search for prior decisions arises from the fact that frequently no distinction is made between the rights of a prime or general contractor in his relation with the owner, or on the other hand, between a subcontractor or materialman and the general contractor, from the legal relations between the owner and a subcontractor or materialman who have had no direct dealings at all with each other and between whom no contractual relations have been established.

In other states, subject to laws of those states on the subjects of judgments, interest, duties of clerks of courts, etc., there are many holdings, not a few of which appear to allow interest in connection with the foreclosure of mechanic's liens.

See 57 Corpus Juris Secundum 728, Mechanics' Liens, Section 176, Interest; 36 Ohio Jurisprudence 2d 615 and 631, Mechanics' Liens, Sections 148 and 164; and 1 A. L. R. 2d 515.

Counsel for Wilson have placed considerable reliance upon a number of cases decided before the constitutional amendment of 1912. In the case of *P. Hayden Saddlery Hardware Co.* v. *Slade & Kelton* (1888), decided by the Second Circuit Court for Franklin County, 3 C. C. 67, it is noted that the dispute involved an owner and a contractor between whom it would appear there were direct contractual relations.

Another case relied on is *Village of Port Clinton* v. *Cleveland Stone Co.* (1892), 10 C. C. 1, 6 C. D. 218, which must be distinguished because of the necessary reliance upon legal provisions relating primarily to attested accounts when dealing with the state, municipalities and certain other public agencies.

Still another case which should be mentioned and one which, although distinguishable in some particulars, gives some support to the contentions of the appellee, and one which was decided after the 1912 amendments, is *Moesser* v. *Enterprise Lumber Co.* (1915), 26 C. C. (N. S.) 28, 36 C. D. 169. This case, while dealing with the effect of the failure of the owner to stop payment on checks mailed out on the same date as the filing of an affidavit in connection with a mechanic's lien, would give support to the use of the balance in the hands of the owner with interest for the payment of claims of all subcontractors and materialmen.

The court below attached much significance to the filing of the affidavit "showing the amount due" required to be filed by a subcontractor pursuant to the provisions of Section 1311.06, Revised Code. In view of the many steps which may follow and their possible effect on the efficacy of that affidavit, we do not attach as much significance thereto.

For example, in most cases, the amount which the owner has agreed to pay in total to the prime or general contractor places a ceiling on the liability of the owner. In such case, if the owner has asked for and received the required statements concerning work done, subcontractors, materialmen and labor and other charges due and to become due and has strictly complied with the law, the owner may have paid out the amount representing his full obligation and the filing of such an affidavit might have no ultimate significance.

In light of the foregoing, we are of the opinion that the judgment and final order of the court below from which the appeal was taken are in conformity to law as to amount and steps taken save and except for the provision allowing interest at six per cent, which, in our opinion, is not authorized, and the judgment will be modified to exclude the provision as to interest and when so modified will be affirmed.

*Judgment modified and affirmed as modified.*

DUFFY and TROOP, JJ., concur.