SHAKER SAVINGS ASSOCIATION ET AL., APPELLANTS, *v.* GREENWOOD VILLAGE, INC. ET AL.; CERVELLI CONSTRUCTION CO., APPELLEE.

(No. 10571—Decided July 28, 1982.)

*Mr. Robert E. Kerper, Jr.,* for appellants.

*Mr. William T. Shields,* for appellee.

MAHONEY, P.J. Shaker Savings Association and Bankers Guarantee Title and Trust Company, plaintiffs-appellants, appeal the trial court's judgment granting interest on mechanics' liens held by Cervelli Construction Company, defendant-appellee. We affirm.

### Facts

Greenwood Village, Inc. ("Greenwood") was a corporation formed to purchase and develop certain land situated in Summit County, Ohio by constructing condominiums. Greenwood financed the purchase and subsequent construction by way of notes secured by mortgages on the subject property. Plaintiff-appellant, Shaker Savings Association ("Shaker"), is the promisee-mortgagee on the notes and mortgages.

Greenwood experienced financial difficulties causing Shaker to file suit requesting judgment on the notes and foreclosure of the mortgages. Shaker

named eighteen building contractors and suppliers who had filed mechanics' liens against the subject property as additional defendants. Cervelli Construction Company ("Cervelli") was one of the building contractors which had furnished work and materials during the construction of the Greenwood condominiums. Cervelli duly filed an answer and cross-claim alleging it had valid mechanics' liens on buildings 230 and 231 and further that said liens had priority over Shaker's mortgages on these buildings. Cervelli also prayed for prejudgment interest on its claims.

The trial court found that Cervelli failed to prove its liens and held the liens invalid. On appeal, this court held that Cervelli's liens, one in the sum of $18,218 for building 230 and one in the amount of $13,500 for building 231 were proved by a preponderance of the evidence. *Shaker Savings Assn.* v. *Greenwood Village, Inc.* (Aug. 15, 1979), Summit App. Nos. 9089 and 9090, unreported. This court further found that both liens were based on contracts between Greenwood and Cervelli for work and materials and held that Cervelli had completed its performance of the contracts on January 11, 1973 with regard to building 230 and on January 5, 1973, with regard to building 231. The court reversed the lower court's judgment as to the validity of Cervelli's liens and remanded the cause for further proceedings.

On remand, the trial court entered judgment for Cervelli in the amount of $18,218 for building 230 plus simple interest at six percent from January 11, 1973 and $13,500 for building 231 plus simple interest at six percent from January 5, 1973.

Appellants challenge the propriety of the trial court's decision to allow interest on Cervelli's mechanics' liens.

### Law and Discussion

### Assignment of Error No. 1

"Cervelli is not entitled to interest on their [*sic*] mechanics' liens."

Appellants contend that, since the statutes creating mechanics' liens do not expressly provide for the payment of interest on perfected liens, such interest is not allowed prior to a valid judgment entered by a court of competent jurisdiction. We do not agree.

Former R.C. 1343.03, in effect at the time Cervelli filed its liens, provided:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of six per cent per annum, and no more."

In *Capital City Lumber Co.* v. *Ellerbrock* (1966), 7 Ohio App. 2d 202 [36 O.O.2d 339], the court denied interest on the mechanics' lien because no privity of contract existed between the subcontractor holding the lien and the owner of the property benefiting from the materials and labor furnished. That court found that merely filing an affidavit pursuant to R.C. 1311.06 did not create a debtor-creditor relationship. Thus, since the lien is not a bond, bill, note, instrument of writing, book account, or verbal contract, R.C. 1343.03 did not apply.

In the instant case, however, the money due and payable Cervelli is clearly based on contracts entered into by Cervelli and Greenwood for materials and labor. Under these circumstances, R.C. 1343.03 permits the award of interest to run from the time that the money becomes due and payable, here, when Cervelli completed its promised performance.

Appellants also contend that the debt was unascertainable until reduced to judgment. Thus, according to appellants, the

trial court erred by awarding prejudgment interest. We do not agree.

In Ohio, prejudgment interest:

" "* * * will not be denied, although the sum due is unliquidated where the amount is capable of ascertainment by mere computation, or is subject to reasonably certain calculations by reference to existing market values; but where the computation is based on market values, such values must be well established and knowledge thereof must be accessible to the debtor. * * *' " *McKinney* v. *White Sewing Machine Corp.* (App. 1964), 95 Ohio Law Abs. 368, 376. See *Clark Bros., Inc.* v. *Eliash* (Nov. 18, 1981), Lorain App. No. 3207, unreported, at page 11.

Thus, to avoid prejudgment interest, the debt must be unascertainable by Greenwood. Appellants' knowledge of the amount of the debt is not at issue.

In *Shaker Savings Assn.* v. *Greenwood Village, Inc., supra,* this court noted at page 1:

" "* * * The instant foreclosure case is one of a series of convoluted cases against the defendant in both state and federal court. As a result many of the exhibits have been shuttled between the several courts and law offices of the participating attorneys. This problem was acknowledged by the referee who admitted that her decision was made without the benefit of the exhibits and a summary of evidence on behalf of the defendants-appellants. * * *"

We believe any uncertainty as to the amount owed Cervelli by Greenwood occurred after the litigation began. Greenwood could have asked for and received the required statements concerning labor and materials furnished and could have calculated the amount owed Cervelli with reasonable certainty. Thus, we find no abuse of discretion in the award of prejudgment interest.

Assignment of Error No. 2

"The trial court did not have jurisdiction to grant prejudgment interest in this case."

Cervelli's original cross-claim requested prejudgment interest. The issue of interest was mooted by the trial court's first finding that Cervelli had failed to prove its liens. We reversed the trial court's finding holding that Cervelli had proven its liens. In that judgment, this court made no finding on the issue of prejudgment interest because said issue was not before this court at that time.

We remanded the cause for further proceedings according to law and not inconsistent with our opinion. We find no inconsistencies in the trial court's consideration of Cervelli's request for prejudgment interest.

### Summary

We overrule all appellants' assignments of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and HUNSICKER, JJ., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.