OPINION
Defendant-appellant Clinton Cooper appeals a decision rendered by the Columbiana County Common Pleas Court awarding plaintiff-appellee Robert Yuhanick $7,648.16 in damages and $4,589.35 in prejudgment interest upon a construction contract. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS
In 1994, appellant and appellee entered into an oral contract whereby appellee would provide construction services to appellant. The construction commenced in April 1994. As appellee periodically accrued costs for labor and materials, he would bill appellant. The first three installments were paid by appellant as they became due. However, after paying these invoices, appellant began to question appellee's billing practices. Three more invoices were sent to appellant. He refused to pay them, contending that appellee did not perform any services during these periods.
Appellee filed suit against appellant seeking the balance owed along with interest. Appellant filed an answer pro se, disputing the amount owed and denying that appellee performed all of his contractual obligations.
The trial court scheduled a pretrial conference for November 16, 1995 at 3:20 p.m. On said date, appellant faxed a pro se request for a continuance to the court at 1:58 p.m. He requested that the conference be continued as he was called to a business emergency at his plant in Illinois. The trial court rejected the motion for continuance and proceeded to conduct an actual hearing pursuant to Loc.R. 1.1. Appellant was not represented at the hearing.
On November 29, 1995, the trial court issued a judgment in favor of appellee in the amount of $8,638.30 plus interest and costs. On appeal, this court held that the trial court did not abuse its discretion in proceeding ex parte with the liability portion of appellee's claim.Yuhanick v. Cooper (Nov. 16, 1998), Columbiana App. No. 96CO45, unreported. We remanded, however, for proceedings to determine the true amount of damages. Id. On remand, the trial court determined that the sum of appellee's damages was $7,648.16. It also awarded appellee prejudgment interest in the amount of $4,589.35. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth three assignments of error on appeal. His first assignment alleges:
 "THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST `FROM SEPTEMBER 11, 1994 THROUGH DATE AT TEN PERCENT PER ANNUM AND HEREAFTER AT THE STATUTORY RATE' FOR A TOTAL OF $12,237.51, INCLUSIVE OF INTEREST, THROUGH 5/30/99."
 LAW AND ANALYSIS
Appellant contends that prejudgment interest should not have been awarded. He insists that he withheld payment upon a reasonable belief that appellee inaccurately charged him for labor and services that were not provided. Appellant asserts that because the dispute was reasonable, the amount owed was unliquidated, and interest should have been charged from the date of the judgment. However, appellant's application of the law is incorrect.
R.C. 1343.03(A) provides in pertinent part:
 "In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *."
Prior to 1995, the determination as to whether prejudgment interest would be granted on a contract claim was routinely made by one of two methods. One method was the liquidated/unliquidated test, which allowed prejudgment interest only if the amount due was liquidated. Braverman v.Spriggs (1980), 68 Ohio App.2d 58, 60. The other method was the "capable-of-ascertainment test." This would allow prejudgment interest for unliquidated claims that were, nonetheless, capable of ascertainment by a mere calculation.
Shaker Sav. Assn. v. Greenwood Village, Inc. (1982), 7 Ohio App.3d 141,syllabus. However, the Ohio Supreme Court has rejected these tests. InRoyal Elec. Constr. v. Ohio State Univ. (1995), 73 Ohio St.3d 110, 116, it noted that these "judicial creations" have caused much confusion among courts when deciding whether prejudgment interest is warranted. Instead, in determining whether to award prejudgment interest pursuant to R.C.1343.03(A), a court need only ask one question: Has the aggrieved party been fully compensated? Id. "The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on aclaim which was liquidated or unliquidated and even if the sum due wasnot capable of ascertainment until determined by the court." Id. at 117. (Emphasis added).
In the case at bar, the trial court apparently determined that the claim became payable on September 11, 1994, as that was the date on which it ordered interest to accrue. Such a decision will not be reversed on appeal absent an abuse of discretion. Lovejoy v. Westfield Natl. Ins. Co.
(1996), 116 Ohio App.3d 470, 476. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v.Merrill-Dow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
We find that the trial court did not abuse its discretion in determining that interest accrued from September 11, 1994. By August 11, 1994, appellant had been billed for all but a small portion of the total amount owed. All of the material had been purchased by appellee. Only $96 in labor was charged after this date. As previously noted, appellant failed to pay the final three invoices, including the one dated August 11. It appears from the record that appellee gave appellant a one-month grace period from this date during which interest would not be charged. The billing invoices indicate that interest would be applied to any balance over 30 days old. Plaintiff's Exhibit E is a calculation of interest on the amount owed. The calculations begin on September 11, 1994. The trial court obviously agreed that this was the date that the amount became due and payable. Appellant has not convinced this court that the trial court's attitude was unreasonable arbitrary or unconscionable. Thus, the trial court did not abuse its discretion. Appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "PLAINTIFF WAS NOT ENTITLED TO INTEREST BEYOND THE STATUTORY RATE BECAUSE THERE WAS NO WRITTEN CONTRACT BETWEEN THE PARTIES WHICH REFLECTED A DIFFERENT INTEREST RATE."
In his complaint, appellee requested that interest be calculated at 24%. His billing invoices contained a notation that a 24% per annum finance charge would apply to the balance of the amount owed. Pursuant to R.C. 1343.03(A), to receive an interest rate greater than the judgment rate, the parties must have a written contract that provides a different rate of interest in relation to the money that becomes due and payable. A written contract requires a writing to which both parties have assented. "An oral statement or a statement on an invoice or bill to which the other party has not assented does not meet the requirement of R.C.1343.03(A) as to the existence of a written contract between the parties." Hobart Brothers Co. v. Welding Supply Services, Inc. (1985),21 Ohio App.3d 142, 144.
Appellee conceded that appellant never assented to the interest rate on the invoices. (Tr. 58). As such, the judgment rate of 10% per annum was the appropriate interest to be charged. However, this assignment of error is moot as the trial court applied the statutory rate rather than the rate of 24% as requested by appellee. Appellee has not appealed the trial court's decision.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment of error alleges:
 "THE TRIAL COURT'S DETERMINATION THAT PLAINTIFF ESTABLISHED HIS BURDEN OF PROOF FOR DAMAGES IN THE SUM OF $7648.16 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant was issued six invoices for labor and materials relating to the construction contract. The invoices were issued as follows: 1) May 20, 1994 totaling $11,965; 2) June 2, 1994 totaling $8,579.77; 3) June 16, 1994 totaling $5,660; 4) June 30, 1994 totaling $5,059.50; 5) August 11, 1994 totaling $2,309.91; and 6) September 26, 1994 totaling $314.89. The total amount of the bills was $33,889.04. Appellee acknowledged that appellant payed him $26,205.27. Additionally, in response to an error on the original invoice, $35.61 was credited to appellant's account. Appellant contends, however, that appellee was not justified in submitting the last three invoices. He claims that the majority of the work was completed by June 16. He argues that substantial bills should not have been issued after this point.
Appellant also purports to have first-hand knowledge that little progress was made after June 16. He avers that he moved into the building in early June. He claims that little work was performed after this time. Appellant thus argues that the trial court's judgment was against the manifest weight of the evidence.
 LAW AND ANALYSIS
In C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280, the Ohio Supreme Court discussed the standard of review for a civil case regarding manifest weight of the evidence. It stated, "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id. Furthermore, a reviewing court must indulge in every reasonable presumption in favor of the lower court's judgment and findings of fact. Gerijo, Inc. v.Fairfield (1994), 70 Ohio St.3d 223, 226.
In the case at bar, the trial court determined that appellant owed appellee $7,648.16. The evidence supported this finding. At trial, appellee explained that he subcontracted the work to a crew of workers. They would keep track of their hours and submit a bill to appellee. Appellee would, in turn, bill appellant for the cost of labor along with the cost for any material required for the job. Appellee noted that when he wasn't at the job site, his foreman was there to ensure that the crew was actually working.
Furthermore, appellee submitted time logs for the labor and receipts for the materials. After June 10, appellee only spent $137.19 on materials. Nonetheless, the August 11 invoice sent to appellant reflected $1,289.91 for materials. The September 26 invoice reflected $218.89 for materials. At first glance, appellant's contention that he was overcharged for these periods seems to have merit. However, appellee explained at trial that while he purchased the materials in June, he did not bill appellant for them until several months later. The total amount spent by appellee on materials was in line with the amount that appellant was billed. As such, the trial court had competent, credible evidence to support its finding. Appellant's third assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 _______________ VUKOVICH, P.J.
Donofrio, J., concurs, DeGenaro, J., concurs.