BIO-MEDICAL APPLICATIONS OF COLUMBUS, INC., D.B.A. CENTRAL OHIO DIALYSIS CENTER, APPELLEE AND CROSS-APPELLANT, *v.* BLUE CROSS OF CENTRAL OHIO, APPELLANT AND CROSS-APPELLEE.

(No. 84AP-473—Decided March 28, 1985.)

*Lane, Alton & Horst, Jack R. Alton, Gayle E. Arnold, Hale & Dorr* and *Timothy H. Gailey,* for Bio-Medical Applications of Columbus, Inc.

*Baker & Hostetler* and *Kiehner Johnson,* for Blue Cross of Central Ohio.

WHITESIDE, J. Defendant Blue Cross of Central Ohio appeals from a judgment of the Franklin County Court of Common Pleas, and raises four assignments of error as follows:

"I. The Court erred in its judgment that the existence of a provider contract between Appellant, a hospital service association, and Appellee, a health care facility, is not a condition precedent to the reimbursement of Appellee for out-patient renal dialysis services rendered under Appellant's subscriber contracts, which is contrary to the provisions of § 1739.01, Revised Code.

"II. The Court erred in its judgment that by virtue of the provisions of § 1739.06, Revised Code, Appellant is required to provide payment to Appellee, a non-contracting health care facility, for out-patient renal dialysis services rendered to subscribers under Appellant's subscriber contracts.

"III. The Court erred in its judgment that by virtue of the provisions of § 1739.06, Revised Code, the sole condition precedent to reimbursement of Appellee by Appellant for out-patient renal dialysis services rendered under Appellant's subscriber contracts is that such services be rendered under the approval of a hospital.

"IV. The Court erred in its finding of no genuine issue of any material fact that the referral of subscribers to Appellee by staff doctors of Riverside Hospital and Ohio State University Hospital constituted approval by said hospitals for the rendition of such services."

Plaintiff Bio-Medical Applications of Columbus, Inc. ("Bio-Medical"), brought this action against defendant Blue Cross of Central Ohio ("Blue Cross"), seeking to recover compensation for outpatient renal dialysis services rendered to subscribers of Blue Cross, a hospital service association operated pursuant to the provisions of R.C. Chapter 1739. Blue Cross contends that Bio-Medical is not entitled to payment or reimbursements under the subscriber contracts issued by Blue Cross because Bio-Medical not only has not entered into a provider contract with Blue Cross, but has also refused to do so.

The trial court found for Bio-Medical and, pursuant to a stipulation of damages, entered judgment against Blue Cross in the amount of $210,653.55 for all claims for dialysis services rendered prior to November 1, 1982, with interest from the date of judgment, resulting in this appeal by Blue Cross. In addition, Bio-Medical has filed a cross-appeal, raising a single assignment of error contending that "[t]he trial court erred in holding that the plaintiff/cross-appellant was not entitled to prejudgment interest under Ohio law."

The trial court entered a declaratory judgment upon the issues involved, specifically declaring the rights of the parties, as follows:

"1. That pursuant to § 1739.06 Revised Code, Defendant is required to provide payment to Plaintiff for out-patient renal dialysis services rendered to subscribers under Defendant's subscriber contracts;

"2. That the existence of a provider contract between Plaintiff and Defendant is not a condition precedent to the reimbursement of Plaintiff for out-patient renal dialysis services rendered under Defendant's subscriber contracts.

"3. That the sole condition precedent to such reimbursement of Plaintiff by defendant is that the out-patient renal dialysis services be rendered under approval by the hospital as provided by § 1739.06 Revised Code.

"4. That the referral of subscribers to Plaintiff by staff doctors of Riverside, OSU and Doctors Hospitals constitute[s] approval by the hospital for purposes of § 1739.06, Revised Code, and coverage

is required under Defendant's subscriber contracts."

The issues raised involve construction of statutory provisions, specifically, the provisions of R.C. 1739.06, that:

"Any subscriber contract for hospital care, skilled nursing services, or home health services authorized by this chapter that is issued, delivered, or renewed in this state on or after July 1, 1972, and provides for kidney dialysis benefits shall be deemed to include such benefits on an equal basis for kidney dialysis performed by a hospital on an outpatient basis. For purposes of this paragraph, 'outpatient basis' includes care rendered at any location whether or not at a hospital, upon approval by the hospital."

Clearly, plaintiff Bio-Medical is not a hospital as defined by R.C. 1739.01(B); however, there appears to be no evidentiary dispute but that Bio-Medical provided renal dialysis services on an outpatient basis for patients referred by doctors having staff privileges at hospitals. Blue Cross contends that an issue of fact exists as to whether the acts of such doctors constitute action of a hospital, the issue raised by the fourth assignment of error.

Blue Cross' basic contention, however, is that there must be a provider contract in existence between Blue Cross, a hospital service association, and Bio-Medical, a health-care facility, before Bio-Medical is entitled to reimbursement by Blue Cross for outpatient renal dialysis services. In other words, Blue Cross concedes that the subscriber contract provides for payment for such services, but disputes Bio-Medical's right to compensation therefor because no provider contract exists between the parties.

R.C. 1739.06 also provides for provider contracts, stating that:

"Such association, upon application by any hospital located in this state, may contract with such hospital for hospital care to be rendered to the subcribers to the hospital service plan. Such contract shall provide that such hospital shall be paid by the association, for hospital care rendered to its subscribers * * * .

"Such association, upon application by any skilled nursing facility, home health agency, community mental health board, mental health service facility, or ambulatory health facility located in this state * * * may contract with such ambulatory health facility for the performance of specified services under a hospital service plan to be rendered to the subscribers whose contracts provide for such service * * *. Such contract may provide that such * * * ambulatory health facility shall be paid by the association for such care rendered to its subscribers on the basis of a rate formula or on the basis of an agreed per diem or otherwise mutually agreed to basis. A hospital service association, as a condition to entering into a contract with an ambulatory health facility * * * may require the furnishing of a reasonable bond by such ambulatory health facility * * * to assure the performance of its obligations under such contract and under the hospital service association's contracts with its subscribers which provide for skilled nursing service, home health service, or community mental health service."

R.C. 1739.06 further provides for an application for such a provider contract by the facility and confers a right of appeal to the Superintendent of Insurance if the hospital service association refuses to contract with the facility.

R.C. 1739.06 provides that a hospital service association must enter into a provider contract with any hospital, skilled nursing facility, home health agency, community mental health facility, or ambulatory health facility, unless the association finds that the "hospital, facility, or agency fails to comply with the quality of care standards" which are applicable under R.C. 1739.01 or "fails

to comply with the cost control standards" set forth in R.C. 1739.01(M). In this case, there is no indication that Blue Cross refused to contract with Bio-Medical, but, instead, an indication that Bio-Medical elected not to enter into a provider contract with Blue Cross. R.C. 1739.06 contains an express provision with respect to facilities that do not contract with a hospital service association, providing that:

"A hospital, skilled nursing facility, or home health agency which * * * fails to contract with such association to furnish hospital care, shall be paid by such association, for hospital care, skilled nursing services, or home health services rendered to its subscribers, a cash payment which shall be provided for in the association's service plan contract with the subscriber."

Bio-Medical is not a hospital as defined by R.C. 1739.01(B), nor a skilled nursing facility as defined by R.C. 1739.01(C), nor a home health agency as defined by R.C. 1739.01(D), but, instead, is an ambulatory health facility as defined by R.C. 1739.01(K). Referring back to R.C. 1739.06, a hospital service association is required to enter into a provider contract with an ambulatory health facility upon request, but is not required to make payment to an ambulatory health facility which fails to enter into such a provider contract, the requirement for payment of non-contracting agencies being limited to hospitals, skilled nursing facilities, and home health agencies.

Accordingly, Bio-Medical has no direct right of reimbursement from Blue Cross for kidney dialysis services rendered to Blue Cross subscribers, even though Blue Cross has an obligation to the subscriber to pay for such service if approved by a hospital. However, there is no contractual or statutory right of Bio-Medical to such reimbursement. Any right of Bio-Medical must depend upon an assignment of rights either from the hospital or from the subscribers.

No such issue of assignment was reached or considered by the trial court; instead, that court found that Bio-Medical has an independent right to reimbursement, stating in part, "the existance [sic] of a contract between Blue Cross and the provider of outpatient kidney dialysis is not a condition precedent to reimbursement to the provider for services rendered to patients covered for such treatment under their Blue Cross contracts." We disagree with this conclusion of the trial court and find that an ambulatory health facility, such as Bio-Medical, is not entitled to reimbursement for outpatient kidney dialysis services rendered to Blue Cross subscribers in the absence of either: (1) a provider contract between the facility and Blue Cross pursuant to R.C. 1739.06; (2) an assignment from the hospital, under whose auspices the kidney dialysis service was performed, for such payment, whether or not pursuant to a provider agreement; or (3) an assignment from the subscriber of his kidney dialysis benefit rights under his individual or group subscription contract with Blue Cross coupled with the appropriate hospital approval. For these reasons and to this extent, the first three assignments of error are well-taken.

By the fourth assignment of error, Blue Cross contends that the trial court erred in finding there to be no genuine issue of material fact as to whether referral of subscribers to Bio-Medical by staff doctors of hospitals constitutes approval of the hospital for rendition of the services. While we agree with Blue Cross that an issue of fact is raised because of conflicting affidavits, we would note that referrals by staff doctors would suffice as approval by the hospital if ordered on hospital records as part of hospital treatment, even though

the doctor is not employed by the hospital but is one having staff privileges.

As Blue Cross points out, Bio-Medical has presented no evidence indicating that hospitals assigned either their right to accept patients or their right to reimbursement to Bio-Medical. Blue Cross then contends that any such assignment of the right to reimbursement would be improper contending such rights are not assignable because a personal relationship is involved predicated upon Blue Cross' proper concern as to the quality of medical care furnished by the hospital, and the reasonableness of its cost. We disagree. There is nothing in the statute that precludes assignment by the hospital. Rather, the statute tends to indicate an intent that an assignment of the hospital rights with respect to kidney dialysis services would be appropriate. As we noted earlier, in connection with the other assignments of error, there are two primary means by which Bio-Medical could obtain a right to reimbursement: (1) a provider agreement with Blue Cross; and (2) an assignment from the hospital. The latter is contemplated by the language of R.C. 1739.06 which makes any right of Bio-Medical contingent upon approval of the hospital.

We agree with the trial court's finding that a referral by a doctor having staff privileges of the hospital may constitute approval by the hospital within the contemplation of the statute.

Under the statutory scheme, it is also reasonable to assume that the hospital will be paid for such services by Blue Cross, and the hospital, in turn, will be responsible for paying the provider of the service. Blue Cross has furnished an affidavit indicating that neither hospital involved has given Blue Cross notification of assignment of the right to reimbursement or notice of approval of services rendered by Bio-Medical. It is not unreasonable for Blue Cross to require an indication of approval from the hospital prior to making payment in any event.

The issues were before the trial court upon a motion for summary judgment making the question one as to the existence of a genuine issue of material fact. Although the trial court might be entitled to reach the factual conclusions expressed upon the weight of the evidence, here, the evidence must be construed most strongly in favor of the non-moving party, Blue Cross. When so construed, there is a genuine issue of fact as to whether or not the requisite statutory standards entitling Bio-Medical to direct payment from Blue Cross for the kidney dialysis services have been met. Accordingly, the fourth assignment of error is well-taken.

In light of the conclusions that we have reached upon Blue Cross' assignments of error, Bio-Medical's cross-assignment of error presents no issue that needs determination at this time since there no longer is a judgment upon which interest could accrue. However, App. R. 12(A) requires that we rule upon every assignment of error, raised, briefed and argued. In doing so, we overrule Bio-Medical's cross-assignment of error, since it is not apparent from the record which is before us that the claim of Bio-Medical was unliquidated as to amount prior to the time that the parties stipulated the amount due. However, the amount due became liquidated as of the date of the stipulation of the parties of the amount to be awarded in the event liability was found. Since the only issue remaining is whether Blue Cross is liable to Bio-Medical for the stipulated amount, Bio-Medical will be entitled to interest from the date of the stipulation in the event that the final judgment of the trial court is for Bio-Medical upon its claim predicated upon the evidence adduced by the parties. See *Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58 [22 O.O.3d 262].

For the foregoing reasons and to the

extent indicated, defendant's four assignments of error are sustained and plaintiff's cross-assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed and cause remanded.*

McCORMAC and MOYER, JJ., concur.