The STATE of Ohio, ex rel. MARTIN,

v.

BEXLEY CITY SCHOOL DISTRICT BOARD OF EDUCATION.

[Cite as *State, ex rel. Martin, v. Bexley City School Dist. Bd. of Edn.* (1989), 62 Ohio App.3d 101.]

Court of Appeals of Ohio,
Franklin County.

No. 85AP–578.

Decided March 28, 1989.

*Lucas, Prendergast, Albright, Gibson & Newman, Rankin M. Gibson, W. Joseph Strapp* and *Mark Scherer,* for relator.

*Vorys, Sater, Seymour & Pease, P. Douglas Barr* and *James H. Gross,* for respondent.

McCormac, Presiding Judge.

This case was remanded to our court by the Ohio Supreme Court who, in *State, ex rel. Martin, v. Bexley Bd. of Edn.* (1988), 39 Ohio St.3d 36, 528 N.E.2d 1250, held that we wrongly applied the burden of proof in deciding this case. The Supreme Court held that the employer bears the burden of establishing with reasonable certainty the amount that the wrongfully excluded employee could have earned in appropriate employment during the period of exclusion. The Supreme Court remanded the case to this court to review the evidence of record and to determine whether the board had met its burden of establishing, with reasonable certainty, the amount that Martin could have earned in appropriate employment during the period of exclusion had she not resigned from Hallmark. The court further stated that, if the board fails to show that the amount is ascertainable, then the amount that could have been earned from Hallmark should not be subtracted from the amount of the back pay award. The court also cautioned us against avoiding a double deduction in the event that we determine that the amount which could have been earned with Hallmark is ascertainable since Martin's other interim earnings may have been related to the same time period as her contract for employment at Hallmark.

█ Upon review of the evidence, we hereby determine that the board proved by a preponderance of the evidence that Martin would have earned at least $35,400 had she not resigned from Hallmark. These earnings are calculated at the starting salary of $11,800 on August 18, 1981, for a three-year period. The preponderance of the evidence shows that Martin could have retained her employment with Hallmark during this time period. The board failed to show by the preponderance of the evidence that respondent would have earned additional amounts. Thus, from the stipulated damages of $50,367.70, there must be subtracted $35,400 leaving a balance of $14,967.70 for which the board failed to prove mitigation of damages. There shall be no subtraction for the sums stipulated to be earned at other employment or for unemployment compensation because all, or almost all, of these amounts were earned during the same period that she is charged with mitigation as though she had worked at Hallmark and had not resigned therefrom. It may be that a small amount of the unemployment compensation was earned during the period from her termination by Bexley and the period that she acquired her job at Hallmark. However, there was a stipulation only of the total amount. Hence, the board has failed to prove which, if any, amounts applied during this period.

■ The Supreme Court also ordered us to determine whether Martin was entitled to $2,000 severance pay. The referee found that severance pay was orally promised to Martin and that she should have the benefit of that oral promise, since her job was wrongfully terminated. We agree with the referee. As the referee noted, there was a handwritten notation stating that "severance pay is $2,000 or number of acc. days times daily rate of pay, whichever is greater." This amount is not inconsistent with the bargaining agreement then in effect between respondent and the Bexley school employees, at least if Martin had been retained in the employ of Bexley until the date of her resignation. She was given credit for her employment with Columbus that arguably could have been included in making up the necessary number of years, even under the revised Bexley agreement.

It is held that Martin is entitled to $2,000 severance pay.

■ Finally, the Supreme Court ordered us to determine whether Martin was entitled to prejudgment interest on the award.

R.C. 1343.03(A) allows for prejudgment interest at the rate of ten percent per annum upon all judgments for the payment of money arising out of tortious conduct or a contract or other transaction. In *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 22 O.O.3d 47, 426 N.E.2d 526, we held that, where money becomes due under a contract which stipulates the amount to be paid, interest accrues from the time that the money due should have been paid. We pointed out that, when the amount of the debt is clear and liability only is questioned, prejudgment interest is applicable. Conversely, we held that prejudgment interest does not apply where the amount of the debt is uncertain. In this case, the amount of the debt was uncertain and legitimately contested. Hence, prejudgment interest is not applicable. Furthermore, a public school board of education is not liable for the payment of prejudgment interest on an award of backpay absent a statute requiring payment or an express contractual agreement to make such payment. *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 525 N.E.2d 20.

Judgment is rendered for relator in the sum of $16,967.70 and costs. A writ of mandamus is hereby issued ordering respondent to comply with this judgment.

*Judgment accordingly.*

STRAUSBAUGH and REILLY, JJ., concur.