DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the October 5, 2004 judgment of the Ottawa County Court of Common Pleas, which granted summary judgment to appellee, Wickens, Herzer, Panza, Cook Batista, on its collection claim against appellant, Philip A. Lacer. Finding that the trial court properly granted summary judgment in favor of appellee, we affirm the decision of the lower court.
 {¶ 2} Appellant asserts the following assignments of error on appeal:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The trial court erred by granting appellees' motion for summary judgment.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "The trial court erred by granting appellant's motion to withdraw funds without holding a hearing provided for pursuant to orc §163.18.
 {¶ 7} "Third Assignment of Error
 {¶ 8} "Prejudgment interest should not have been awarded."
 {¶ 9} The facts in this case are undisputed. Appellant hired appellee to represent appellant in connection with the appropriation of appellant's land by the Erie-Ottawa Regional Airport Authority. The parties agreed that appellant would pay appellee "* * * 40 percent of all monies obtained in settlement or awarded by the jury arising from the appropriation of the subject property, above $20,000 per acre" (which was the last offer appellant had received prior to hiring appellee to represent him) or 40 percent of any award over $360,000, plus expenses. If an appeal was desired, a separate fee would be negotiated. The appropriation case proceeded to trial and appellant was awarded $486,000 for the taking of 18 acres of appellant's land. Appellee billed appellant for its contingency fee of $50,400 and costs of $4,044.75. When appellant refused to pay, appellee brought this collection action and sought to attach the verdict funds held by the court.
 {¶ 10} The Erie-Ottawa Regional Airport Authority appealed the underlying judgment and appellant hired new counsel to represent him on appeal. The parties then reached a settlement in the appropriation case. The jury verdict was vacated and appellant was awarded compensation for the taking of only 6.5 acres at $35,000 per acre, for a total award of $227,500.
 {¶ 11} Appellee moved for summary judgment in the collection case. Appellant opposed the motion arguing that there was a material dispute as to the amount owed for legal services and costs. Appellant contends that because the jury verdict was vacated and the case was settled for $35,000 per acre, appellee is only entitled to 40 percent of the excess recovery on 6.5 acres, or $39,000. On October 5, 2004, the trial court granted summary judgment to appellee. Appellant then sought an appeal to this court.
 {¶ 12} In his first assignment of error, appellant argues that the contingency fee should have been based upon the money actually received by appellant in settlement of the case. Appellant also argues that appellee violated the Ohio Code of Professional Responsibility by allegedly seeking a large verdict and thus a greater fee, rather than seeking to fulfill appellant's goal of preserving as much of his property as possible. However, this is not an issue for this court to determine.
 {¶ 13} We disagree with appellant that there is a question of fact as to how much appellant owes under the contract. The language of the contract is clear and unambiguous. Appellant agreed to pay appellee a contingent fee of 40 percent of the final settlement or jury verdict, to the extent that this amount exceeded the original offer made by the airport authority. The fee was not contingent upon appellant's decision to set aside the jury verdict for a lesser amount in exchange for a reduction in the acreage to be taken. Appellant voluntarily surrendered the jury verdict in favor of an agreement to take less of his property.
 {¶ 14} Because the contract was clear and unambiguous, summary judgment was an appropriate means for resolving the issues in this case.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Furthermore, we find that the trial court properly applied the language of the fee contract to the facts of this case and rendered judgment in favor of appellee.
 {¶ 15} Appellant's first assignment of error is not well-taken.
 {¶ 16} In his second assignment of error, appellant argues that the trial court erred as a matter of law by failing to hold a hearing required by R.C. 163.18 before granting a motion to distribute funds on deposit. R.C. 163.18 provides that:
 {¶ 17} "At the time the agency makes a deposit or pays into court the jury award, the clerk of courts shall give notice by ordinary mail of such payment to the counsel of record of each owner and to the known address of owners not represented. Thereupon any owner may file with the court a motion for distribution. After reasonable notice to all parties and to any additional interested parties who become known to the court, the court shall hear evidence as to the respective interests of the owners in the property and may make distribution of the deposit or award accordingly."
 {¶ 18} Ordinarily, a hearing is required under R.C. 163.18 so that the court will have the facts needed to make a determination of the proper distribution of the funds being held. Wray v. Salvatore (1999), 5th Dist. App. No. 1998CA00202, at 7. However, in this case, the court had all of the information it needed to make this determination. The material facts of the underlying case were set forth in the pleadings, the fee contract attached to the complaint, the motion for an order of attachment, and the motions for summary judgment. Evidence was also presented during a prejudgment attachment hearing. Appellant has failed to identify any additional facts that he would have presented at the R.C.163.18 hearing. Therefore, we find that the decision of the trial court to rule on the motion without a hearing was neither erroneous nor prejudicial in this case. Appellant's second assignment of error is not well-taken.
 {¶ 19} In his third assignment of error, appellant argues that the trial court erred in granting prejudgment interest because the amount owed was uncertain. We disagree. Uncertainty does not exist merely because a party denies owing the debt. Braverman v. Spriggs (1980),68 Ohio App.2d 58, 60. Although appellant asserted that the amount was uncertain because of his interpretation of the fee contract, it was not. However, the award of prejudgment interest no longer turns on the determination of whether a debt is liquidated or unliquidated but upon when the debt became due and payable. Royal Elec. Constr. Corp. v. OhioState Univ. (1995), 73 Ohio St.3d 110, 117. Appellant's third assignment of error is not well-taken.
 {¶ 20} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J. Concur.